Charles S. Lucero, Esq.
CHARLES S. LUCERO, P.C.
P.O. Box 3505
Great Falls, MT 59403
Telephone: (406) 771-1515
charlie@charlielucero.com

Lawrence A. Anderson, Esq.
Attorney at Law, P.C.
P.O. Box 2608
Great Falls, MT 59403-2608
Telephone: (406) 727-8466
laalaw@me.com

*Attorneys for Plaintiffs*

Lon J. Dale, Esq.
MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
P.O. Box 4947
Missoula, MT  59806-4947
Telephone:  (406) 728-1455
lon@bigskylawyers.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT L. LINDSAY; BETTY L. RADOVICH; ROSALIE KIERNAN, as Personal Representative of the Estate of Rebecca Nicholson; individually and on behalf of those similarly situated,<br><br>　　　　Plaintiffs,<br><br>　-vs-<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an ILLINOIS CORPORATION,<br><br>　　　　Defendants. | Cause No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF INCLUDING REQUEST FOR CLASS CERTIFICATIONS, PURSUANT TO RULE 23 FED.R.CIV.P., AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

For their Complaint, Plaintiffs, Robert Lindsay ("Lindsay"), Betty Radovich ("Radovich") and Rosalie Kiernan, as Personal Representative of the Estate of Rebecca Nicholson ("Kiernan"), collectively known as Plaintiffs, individually and on behalf of those similarly situated, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201(a) and Rule 23 Fed. R. Civ. P. in addition to other statutory provisions and common law principles, respectfully claim and allege as follows:

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. § 1332(a)(1), the United States District Court for the District of Montana has original jurisdiction for this action as the lawsuit is comprised entirely of a civil nature, is an action between citizens of different States, and the matter in controversy exceeds the sum or value of Seventy-five Thousand Dollars ($75,000), exclusive of interest and costs.

2.      This Court has personal jurisdiction over the Defendant State Farm Mutual Insurance Automobile Company (State Farm) because its activities within the State of Montana are sufficiently substantial, continuous, and systematic that it justifies a suit against it on causes arising from those activities.

3.      Defendant State Farm and its agents have purposely availed themselves of the privilege of doing business in Montana by securing from the Montana Commissioner of Insurance the authority to conduct an insurance

Complaint for Declaratory Relief Including
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

2

business in Montana and conducting such a business in Montana by soliciting insureds, and contracting with Montana residents to provide them with insurance in Montana.

4.     Pursuant to 28 U.S.C. §1391(b)(i), venue is properly laid in the Great Falls Division in which State Farm's captive agents reside and State Farm through its captive agents, operate their insurance businesses; and contracts of insurance that were entered into were to be performed in Cascade County or Hill County, both of which are in the Great Falls Division.

5.     A federal court sitting in diversity applies federal law to procedural issues and state law to substantive issues. *Rindal v. Seckler Co., Inc*., 786 F. Supp. 890, 892 (D. Mont. 1992) (citing *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938)).

## PARTIES AND THEIR AGENTS

6.     Robert Lindsay is a resident of Cascade County and a citizen of the State of Montana.

7.     Betty Radovich is a resident of Cascade County and a citizen of the State of Montana.

8.     Rosalie Kiernan is duly appointed as Personal Representative of the Estate of Rebecca Nicholson in Montana Twelfth Judicial District Court Case No. DP-17-011 in and for Hill County, Montana.

9.     State Farm Mutual Automobile Insurance Company ("State Farm") is

Complaint for Declaratory Relief Including
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

3

an Illinois corporation authorized to do business as an insurer in the State of
Montana with its principal place of business in Bloomington, Illinois. As an insurer
authorized by the Montana Insurance Commissioner to do business in Montana,
State Farm regularly markets, sells, and provides motor vehicle insurance to
Montana drivers in Montana.

10.     Pursuant to §28-10-602, MCA, the insurance producers are all captive
agents of State Farm, acting within the course and scope of their authority, or
ostensible authority, and training; and the negligent and wrongful acts of such
insurance producers are the acts of State Farm or have been ratified by State Farm
either by acts or by the acceptance of the benefits of the insurance producers by
State Farm's acceptance, ratification, and authorization of the insurance
agreements generated by its insurance producers.

11.     State Farm's insurance agents are all licensed insurance agents,
licensed by the Insurance Commissioner of the State of Montana.

12.     The insurance agents are all "insurance producers" under the
provisions of §33-17-102(10), MCA; and, as such, must undergo both a
background examination and a licensing examination under the provisions of §33-
17-201, et al, MCA.

13.     The insurance agents as "insurance producers" are also deemed
fiduciaries for the purpose of collecting and managing premiums under the

Complaint for Declaratory Relief Including                4
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

provisions of §33-17-1102, MCA.

14.     The statutes licensing insurance agents are "highly regulatory and are intended to safeguard the rights of those dealing with insurance agents. The purpose of laws providing for licenses for agents, brokers, and solicitors is for the protection of the public; *'more explicitly, it has been stated that it is desired to protect the public from surrendering its money in exchange for questionable or worthless pieces of paper denominated insurance policies.'" Waite v. Holmes*, 133 Mont. 512, 527, 327 P.2d 399, 407 (Mont. 1958) (*c.f.* 16 Appleman, Insurance Law and Practice, §8632, p.3 (emphasis contained in Appleman).

## DIVERSITY OF CITIZENSHIP OF THE PARTIES

15.     There is complete diversity between Plaintiffs and Defendant.

16.     Plaintiffs are, and were at the time the Complaint was filed, citizens of Montana for diversity purposes.

17.     State Farm is an Illinois corporation with its headquarters and principal place of business in Illinois.

## AMOUNT IN CONTROVERSY

18.     The amount in controversy is significantly greater than $75,000 for the reason that the Plaintiffs have damages that were excluded from Underinsured Motorist Coverage ("UIM") because of failure of State Farm and its agents to offer and explain UIM coverage. On information and belief, there are significant other

Complaint for Declaratory Relief Including
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial                    5

State Farm insureds similarly situated.

## <u>NATURE OF SUIT</u>

19.     State Farm is the largest personal lines automobile insurer in the State

of Montana with a 2017 market share in excess of 20% of the automobile

insurance for drivers in the State of Montana.  <u>See</u> Record from the Commissioner

of Securities and Insurance of the State of Montana, attached as **Exhibit A**.

20.     State Farm provided auto insurance coverage to the Plaintiffs.

Plaintiffs or their principals, each have a history and a relationship with State Farm

agents. State Farm trains its agents and provides special knowledge, skill, and

expertise in insurance, insurance coverage, and the law of insurance coverage.

Such agents held themselves out to the Plaintiffs and the public as persons who

possess special knowledge, skill, and expertise in insurance, insurance coverage,

and the law of insurance coverage.

21.     Plaintiffs and those similarly situated allege that State Farm's

instructions to its agents allow and condone agents' failure to place UIM coverage

and do not require its Montana agents to explain and offer UIM coverage to every

customer.  State Farm and its Montana agents knew or should have known that the

failure to provide UIM coverage creates a high probability of injury to any State

Farm insured. This knowledge should have been known, or was known, by State

Farm and its agents as a result of the court decision in *Gregory and Alene Moss v.*

Complaint for Declaratory Relief Including
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

6

*State Farm Mutual Automobile Insurance Company*, filed in the United States District Court of Montana, Great Falls Division, as Cause No. CV-99-124-GF.  A copy of the *Moss* decision is attached as **Exhibit B**.  The *Moss* case was grounded on factual circumstances very similar to those of Plaintiffs Lindsay, Radovich, and Kiernan's decedent in that State Farm and its agents failed to explain and offer UIM coverage to the Moss family.  Here, the Plaintiffs, individually, and on behalf of those similarly situated, contend that State Farm failed to explain or offer UIM coverage to Plaintiffs Lindsay, Radovich, and Kiernan's decedent, and those similarly situated.

22.     As of the events referenced in this Complaint, State Farm and its agents had existing relationships with the Plaintiffs or their principals, and those similarly situated. In the course of these relationships, State Farm's agents and those similarly situated, interacted with the Plaintiffs, and those similarly situated, regarding choices of insurance coverage; and the Plaintiffs, and those similarly situated, relied on State Farm and its agents to use reasonable care regarding the placement of  insurance coverage.

23.     State Farm and its agents have a duty to its existing insureds such as Plaintiffs, and those similarly situated, to explain and offer UIM coverage and to inform Plaintiffs, and those similarly situated, of UM coverage and UIM coverage, the levels of coverage available, and the pricing for the various levels of available

Complaint for Declaratory Relief Including
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

7

coverage.

24.     The standard of care for personal lines motor vehicle casualty

insurance agents dealing with insureds with existing relationships requires such

personal lines insurance agents to explain the importance of UIM coverage,

evaluate such existing insureds policies to determine whether such insureds have

UIM coverage, and to explain and offer UIM coverage to their insureds at levels up

to the chosen liability limits of coverage.

25.     While insured with State Farm, Plaintiffs Lindsay, Radovich, and

Nicholson, were seriously injured in motor vehicle wrecks caused by the

negligence and clear liability of other drivers. The at-fault drivers who caused

serious injuries to Lindsay, Radovich, and Nicholson had insufficient liability

coverage to pay for Lindsay's, Radovich's and Nicholson's entire legally

compensable harms and damages.

26.     State Farm has policies and practices resulting in a number of its

agents failing to disclose to its insureds the availability of UIM coverage and the

importance of having UIM, and failing to explain to and offer UIM coverage to the

extent of its insureds' liability coverage. As a result, Plaintiffs, and those similarly

situated, have suffered legally compensable harms and damages.

## FACTUAL CIRCUMSTANCES REGARDING LINDSAY CLAIMS

27.     On August 24, 2017, Robert Lindsay ("Lindsay") was driving north

Complaint for Declaratory Relief Including                8
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

on 26th Street near the intersection of 26th Street and Central Avenue in Great

Falls, Montana.

28.     As Lindsay was crossing the intersection on a green light, the driver

of another motor vehicle collided with the right side of the Lindsay vehicle.

29.     The driver that collided with the Lindsay vehicle was cited for failure

to obey a red light.

30.     As a result of the wreck, Lindsay suffered serious orthopedic injuries

and brain injuries resulting in ongoing medical expenses in excess of $258,000, in

addition to permanent disabling orthopedic and brain injuries.

31.     The at-fault driver in the Lindsay wreck had limits of liability

coverage of $100,000 of auto liability that has been paid.

32.     Lindsay's step son, with whom Lindsay resided at the time of the

August 24, 2017 wreck, had a State Farm policy with $50,000 UIM coverage,

which has been paid.

33.     Lindsay was an existing insured with State Farm.

34.     The Lindsay State Farm auto policy contained no UIM coverage. <u>See</u>

**Exhibit C**, Lindsay's State Farm Policy Number 049 8980-D01-26B, applicable

declaration page at the time of the August 24, 2017 wreck.

## <u>FACTUAL CIRCUMSTANCES REGARDING RADOVICH'S CLAIMS</u>

35.     On April 11, 2016, Betty Radovich ("Radovich") was driving on 10th

Complaint for Declaratory Relief Including                    9
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

Avenue South in Great Falls, Cascade County, Montana when another vehicle struck her vehicle from the rear.

36.     The other driver was clearly negligent and liable and was cited at the scene.

37.     Radovich suffered neck and back injuries for which she continues to suffer and will continue to suffer despite the limited medical care that she has been able to afford to provide for herself based on her limited financial resources.

38.     The negligent other driver that caused Radovich's injuries only provided minimal $25,000 limits of liability coverage.

39.     Radovich was an existing insured with State Farm.

40.     Radovich's State Farm auto insurance policy provided no UIM coverage. See **Exhibit D**, Radovich's Declaration page for State Farm Policy Number 030 5411-D08-26E.

## FACTUAL CIRCUMSTANCES REGARDING ROSALIE KIERAN'S CLAIMS AS PERSONAL REPRESENTATIVE OF THE ESTATE OF REBECCA NICHOLSON

41.     On February 28, 2017, Rebecca Nicholson, age 43, was driving north on US Highway 87.

42.     A southbound vehicle on US Highway 87 crossed the center line and drove into the path of Nicholson's vehicle, and Nicholson died after the collision at the scene of the wreck from her injuries.

Complaint for Declaratory Relief Including                 10
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

43.    The southbound vehicle that collided head-on with Nicholson's vehicle was clearly negligent and was also operating her vehicle under the influence of intoxicants.

44.    The at-fault driver's auto liability policy provided $100,000 liability limits, which its liability insurer tendered to the Nicholson's estate.

45.    Nicholson was an existing insured of State Farm.

46.    Nicholson's own personal auto liability policy contained no UIM coverage. But Nicholson's family members' State Farm policies contained a total of $75,000 in stacked UIM coverage. Nicholson's own policy had liability limits of $250,000/500.000. See **Exhibit E**, Nicholson's Declaration page for State Farm Policy N0. 035 4664-B14-26B.

## ALLEGATIONS COMMON TO ALL COUNTS

47.    State Farm is the largest personal lines automobile insurer in the State of Montana with a 2017 market share in excess of 20% of the automobile insurance for drivers in the State of Montana.  See the Record from the Commissioner of Securities and Insurance of the State of Montana, attached as **Exhibit A**.

48.    State Farm personal lines automobile insurance coverage in Montana is written with a separate policy number for each covered vehicle.

49.    At all times relevant to matters raised in this Complaint, State Farm's

Complaint for Declaratory Relief Including              11
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

Montana agents and their staff, as captive sales agents and representatives and agents of State Farm, offered and provided insurance advice and expertise concerning automobile insurance coverage to residents of the State of Montana, including the Plaintiffs and all those similarly situated herein.

50.     The State Farm Montana agents for the referenced Plaintiffs did not offer and explain Underinsured Motorist ("UIM") coverage to the Plaintiffs, and numerous State Farm insureds are similarly situated, i.e. without UIM coverage.

51.     State Farm failed to instruct its agents to explain and offer UIM coverage, and condones Montana agents not placing UIM coverage for its Montana insureds.

52.     State Farm's instructions to its agents allow and condone agents' failure to place UIM coverage and do not require and assure that its Montana agents explain and offer UIM coverage to every customer.

53.     State Farm and its Montana agents knew or should have known that the failure to provide UIM coverage creates a high probability of injury to any State Farm insured, based on *Gregory and Alene Moss v. State Farm Mutual Automobile Insurance Company*, filed in the United State District Court of Montana, Great Falls Division as Cause No. CV-99-124-GF.  See, *Moss* Decision, attached as **Exhibit B**.

54.     The *Moss* case was grounded on factual circumstances very similar to

Complaint for Declaratory Relief Including                12
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

those of Plaintiffs Lindsay, Radovich, and Decedent Nicholson, in that State Farm and its agents failed to explain and offer UIM coverage to the Moss family.

55.     Plaintiffs Lindsay and Radovich, and decedent Nicholson, were State Farm insureds, having automobile insurance coverage through captive State Farm agents operating in the State of Montana.

56.     Plaintiff Kiernan brings claims on behalf of Rebecca Nicholson who was a State Farm insured who purchased insurance coverage through a captive Montana State Farm agent.

57.     Plaintiffs Lindsay, Radovich, and decedent Rebecca Nicholson all had State Farm automobile insurance policies that included Uninsured Motorist ("UM") coverage, designated as "U" coverage by State Farm, but no Underinsured Motorist ("UIM") coverage, designated as coverage "W" by State Farm.

## COUNT ONE
### Declaratory Judgment

58.     Plaintiffs re-allege and incorporate by reference the previous paragraphs as fully set forth herein.

59.     Plaintiffs bring this count under the provisions of the federal declaratory judgment statute, 28 U.S.C. § 2201(a), and to the extent it provides substantive relief, Mont Code Ann. §27-8-101, et seq., Montana's Uniform Declaratory Judgment Act, to afford relief from the uncertainty of the relationship,

Complaint for Declaratory Relief Including
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

13

status, and duties of State Farm, its agents, and the Plaintiffs, and those similarly situated.

60.    The Plaintiffs, and those similarly situated, contend there is no dispute as to Montana law, yet State Farm, as a company operating through its officers, employees, and agents, have created an illusory dispute as to whether State Farm, as a company operating through its officers, employees, and agents, have a duty to its existing insureds, such as Plaintiffs and those similarly situated, to explain and offer UIM coverage and to inform Plaintiffs and those similarly situated of the risk of the absence of any UIM coverage. Plaintiffs contend, based upon existing case law, that Montana insurance agents offering automotive insurance coverage are held to a reasonable care standard. Therefore, when an insurance agent performs his services negligently to the insured's injury, the agent's principal, as a matter of law, is liable for that agent's negligence.

61.    State Farm, in past litigation matters, has been known to dispute that the reasonable person standard applies to a Montana insurance agents offering automotive coverage.

62.    Plaintiffs, individually, and on behalf of those similarly situated, contend that State Farm as a company operating through its officers, employees, and agents, has breached its duty to fully explain and to offer Uninsured Motorist ("UM") and Underinsured Motorist ("UIM") coverage to the Plaintiffs and to its

Complaint for Declaratory Relief Including                    14
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

Montana insureds at levels of coverage comparable to its insureds' liability coverage.

63.     Plaintiffs will offer expert testimony supporting the breach of duty with such expert testimony stating the failure to offer and explain UM and UIM is a breach of the standard of care for a Montana insurance agent.

## COUNT TWO
### Negligence

64.     Plaintiffs re-allege and incorporate by reference the previous paragraphs as fully set forth herein.

65.     State Farm, as a company operating through its officers, employees, and agents, has a duty to its existing insureds, such as Plaintiffs and those similarly situated, to explain and offer UIM coverage and to inform Plaintiffs and those similarly situated of risk of the complete absence of UIM coverage.

66.     The standard of care for insurance agents in the State of Montana includes, among other requirements, the following:

a)      As to personal lines coverage, insurance producers must thoroughly explain to existing and prospective insureds UM and UIM coverage and to offer the coverage along with a disclosure of the premium to be charged for the coverage;

b)      As to personal lines coverage, insurance producers must explain to

Complaint for Declaratory Relief Including         15
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

existing and prospective insureds and offer UM and UIM coverage up to the same level as the liability limits selected;

c)    As to personal lines coverage, insurance producers must explain to existing and prospective insureds UM and UIM coverage and offer the coverage on every vehicle owned by the insured;

d)    As to personal lines coverage, insurance producers must explain to existing and prospective insureds the great risk of harm/injury to themselves or their families of exposure to damages caused by the negligence of drivers who either had no insurance or had insurance in an amount less than the damages caused by their negligence, and offer UM and UIM coverage protection at levels up to the liability limits selected by the insured.

67.    State Farm, as a company, operating through its officers, employees, and agents, has breached this standard of care:

a)    By failure to inform their agents of the particular and extensive damages covered by UM and UIM coverage;

b)    By failure to mandate that UM and UIM coverage should be offered at the same level as liability coverage;

c)    By failure to require and conduct annual reviews, including explaining and offering UM and UIM coverage to those insureds who were

Complaint for Declaratory Relief Including       16
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

without the coverage on any policy, or with levels of UM or UIM less than liability limits;

d)      Failure to promote UM and UIM coverage; and

e)      By placing premiums on UIM coverage at higher cost than the competition to reduce the potential of their insureds purchasing UIM coverage and thereby limiting State Farm's exposure to such claims.

68.    As a result of State Farm's and its agents' breach of the standard of care, Plaintiffs, and those similarly situated, have suffered damages. In particular, Plaintiffs and those similarly situated that had UIM claims, but had no UIM coverage and/or UIM coverage less than liability limits and/or UIM coverage on some but not all vehicles insured have suffered compensable harms and damages.

## COUNT THREE
### Breach of Professional Standard of Care of Insurance Agents to Insureds

69.    Plaintiffs re-allege and incorporate by reference the previous paragraphs as fully set forth herein.

70.    As a result of their training, experience, and licensing, insurance agents, such as State Farm's captive insurance agents, ought to possess a body of specialized knowledge in the subject of insurance, insurance coverage, the intricacies of automobile insurance coverage, including the potential harms and risks resulting from the lack of any UIM coverage.

Complaint for Declaratory Relief Including                    17
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

71.     Plaintiffs, and those similarly situated, being without insurance training, have no specialized knowledge in the subject of insurance, insurance coverage, the intricacies of automobile insurance coverage, and potential harms and risks caused by lack of coverage, such as having no UIM coverage.

72.     Through Defendant State Farm's marketing and training of its captive insurance agents, State Farm encouraged the public to rely on its agents to give advice to the public, including Plaintiffs and those similarly situated, regarding specialized knowledge in the subject of insurance, and the intricacies of insurance coverage, such as risks of the lack of UIM coverage.

73.     Defendant State Farm, through its agents, and those similarly situated, failed to advise the Plaintiffs, and those similarly situated, regarding matters of specialized knowledge in the subject of insurance, insurance coverage, the intricacies of automobile insurance coverage, such as the risks of the lack of any UIM coverage.

74.     Plaintiffs, and those similarly situated, and State Farm's agents had an unequal relationship that was primarily based on State Farm's and its agents' superior specialized knowledge in the subject of insurance, insurance coverage, and the intricacies of insurance coverage, such as the potential harms and risks resulting from the failure to have any UIM coverage.

75.     Defendant State Farm, through its agents, knew that Plaintiffs, and

Complaint for Declaratory Relief Including                18
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

those similarly situated, relied on Defendant State Farm and its agents to properly advise them regarding the specialized knowledge in the subject of insurance, insurance coverage, and the intricacies of automobile insurance coverage, such as potential harms and risks resulting from the failure to have any UIM coverage.

76.     The motivation for State Farm's and its agents' advice to Plaintiffs, and those similarly situated, was to secure income and a profit from Plaintiffs, and those similarly situated, in exchange for the sale of insurance protection to the Plaintiffs, and those similarly situated.

77.     The motivation for the Plaintiffs, and those similarly situated, in purchasing insurance coverage from Defendants was a non-profit motive to secure peace of mind and security and future economic protection in the event of an incident which caused injuries to the Plaintiffs and triggered UM or UIM coverage.

78.     Because of the relative differences in their knowledge of insurance, the differences in their motivations for entering into the contractual relationship with each other, Plaintiffs, and those similarly situated, and Defendant State Farm, and its agents, are inherently in unequal bargaining positions.

79.     Defendant State Farm and its agents knew or should have known that extensive harm could result from its failure to offer, explain, and provide UIM coverage; and, at all times, State Farm and its agents knew or should have known its insureds would be placed in a vulnerable position without UIM coverage.

Complaint for Declaratory Relief Including                    19
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

Further, State Farm and/or its agents knew or should have known that its insureds without UIM coverage were unnecessarily exposed to risks, damages and/or catastrophic harm.

80.    State Farm, through its agents, and those similarly situated, had a duty to its existing insureds, such as Plaintiffs, and those similarly situated, to explain and offer UIM coverage and to inform Plaintiffs, and those similarly situated, of the risks associated with the absence of UIM coverage protection.

81.    Defendant State Farm has breached its duty to Plaintiffs, and those similarly situated; and as a result, Plaintiffs, and those similarly situated, have suffered legally compensable damages and harms.

## COUNT FOUR
### Deceit

82.    Plaintiffs re-allege and incorporate by reference the previous paragraphs as fully set forth herein.

83.    Deceit is, in part, defined under the provisions of §27-1-712(2)(c), MCA as "the suppression of a fact by one who is bound to disclose it or who gives information of other facts that are likely to mislead for want of communication of that fact."

84.    State Farm and/or its agents willfully deceived the Plaintiffs, and those similarly situated, by failing to inform them of the fact that their auto policies

Complaint for Declaratory Relief Including              20
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

did not carry UIM coverage or did not carry UIM coverage limits in the same amount as the liability limits and/or did not have UIM coverage on all insured vehicles.

85.     State Farm had a duty to disclose:

a)     The lack of UIM coverage and to explain UIM coverage so the Plaintiffs, and those similarly situated, could make an informed decision concerning coverage;

b)     The amount of UIM coverage available and the premiums for the coverage; and

c)     Whether the coverage was to be stacked by the payment of multiple UIM premiums.

86.     State Farm also deceived Plaintiffs, and those similarly situated, by not disclosing:

a)     The benefits of UM coverage;

b)     The minimal cost of UM coverage;

c)     Disclosing the cost of UM coverage levels up to the insured driver liability limits; and

d)     That by choosing UM coverage on more than one vehicle, the UM coverage could be stacked. State Farm and its agents who issued policies to the defined class have thus violated the provisions of Mont.

Complaint for Declaratory Relief Including
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial                    21

Code Ann. § 27-1-712 as to those Plaintiffs and those similarly situated, entitling the relief allowable by statutory and common law.

87.    As a result of State Farm's and its agents' deceit, Plaintiffs, and those similarly situated, have suffered legally compensable damages and harms.

## COUNT FIVE
### Common Law Bad Faith

88.    Plaintiffs re-allege and incorporate by reference the previous paragraphs as fully set forth herein.

89.    Under the common law of the State of Montana, an insurance company or its agents are subject to liability for bad faith if the agent and/or the insurer intentionally conceal material facts within their knowledge that are not known by an insured.

90.    State Farm, and a significant number of State Farm's Montana agents, have concealed the absence of UIM coverage from their insureds' personal lines auto policies.

91.    UIM coverage is an important and material coverage that never should be omitted from a personal lines auto insurance policy without a written waiver of the coverage and the written waiver should only be allowed after a full explanation of the benefits of UIM coverage. And even then, such waivers are very rare statistical events in Montana personal lines policies issued by all companies

Complaint for Declaratory Relief Including          22
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

licensed in Montana with the exception of State Farm, who regularly allows and condones agents not offering or explaining UIM coverage, and knows and accepts its insureds being unknowingly unprotected.

92.    Upon information and belief, State Farm and its Montana agents have thousands of personal lines insurance policies in force as of the filing of this complaint that do not have UIM coverage and also do not have written waivers of UIM coverage.

93.    State Farm and/or its agent's concealment of the absence of UIM coverage in a Montana personal lines insurance policy without an accompanying explanation and waiver of the coverage is a breach of the common law duty of good faith and fair dealing that an agent and insurer owe to their insured.

94.    As a result of Defendant State Farm's bad faith conduct, Plaintiffs, and those similarly situated, have suffered legally compensable damages and harms.

## COUNT SIX
### Punitive Damages

95.    Plaintiffs re-allege and incorporate by reference the previous paragraphs as fully set forth herein.

96.    The conduct of State Farm, individually, and through its agents as alleged above, constitutes actual malice, as defined by Mont. Code Ann. §27-1-

Complaint for Declaratory Relief Including
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial          23

221.  State Farm and its agents had knowledge of or intentionally disregarded facts which created a high probability of injury to the Plaintiffs, and all those similarly situated, and deliberately proceeded to act with indifference to the high probability of injury to the Plaintiffs, and all those similarly situated, because their policies did not carry UIM coverage.

97.    If UM or UIM coverage was provided, it was in amounts insufficient to protect the Plaintiffs, and all those similarly situated, because the UM or UIM coverage was less than liability limits or such coverage was not on all vehicles.

98.    State Farm has adopted marketing and sales practices to compete with other insurance companies that directly write without agents or do not have captive agents.  In order to continue to keep its premiums at a competitive rate to reduce competition from other companies that write auto insurance, State Farm, by and through its agents and representatives, purposely did not and does not fully explain the benefits of UM and UIM coverage to its agents and/or significant numbers of its policyholders and/or prospective policyholders.

99.    State Farm turned a blind eye to its duty to offer UIM coverage in Montana and/or to only offer UM or UIM coverage in amounts less than bodily injury liability limits and/or not to offer UIM coverage at all on significant numbers of its Montana policies.

100.   In doing so, State Farm consciously and intentionally caused

Complaint for Declaratory Relief Including                 24
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

significant numbers of its insureds to sustain uncompensated personal injury damages by not informing its insureds of the protection available from UM and UIM coverage resulting in UIM coverage being non-existent on significant numbers of Montana State Farm policies, or, in the case of UM coverage, providing coverage amounts significantly less than the insureds' policy limits for liability coverage, even though premiums for UM coverage are actuarially very inexpensive.

## COUNT SEVEN
### Class Claims

101.   Plaintiffs re-allege and incorporate by reference the previous paragraphs as fully set forth herein.

102.   Plaintiffs bring this action pursuant to the provisions of Rule 23(a) and Rule 23(b)(2) and (3), and 23(c)(4) of the Federal Rules of Civil Procedure as a class action for themselves and as a representative of and on behalf of all other persons similarly situated, namely, Montana residents:

a)   For whom State Farm provided one or more personal lines auto insurance coverage;

b)   Who did not have UIM coverage; or

c)   For whom State Farm did not provide UIM coverage in at least the amount State Farm provided them with liability coverage;

Complaint for Declaratory Relief Including          25
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

d)   In which State Farm's files have no written waiver, stating that State Farm agents offered and explained UIM coverage to its auto personal lines insureds and the insureds knowingly waived the UIM coverage; and

e)   Who suffered legally compensable damages as a result of an at-fault driver's failure to have sufficient liability coverage to compensate State Farm's auto personal lines insureds.

103.   Under the provisions of Rule 23(a)(1), on information and belief, Plaintiffs allege that the Class consists of hundreds of Montana citizens and is so numerous that joinder of all members of the Class would be impractical as contemplated by the provisions of Rule 23(a)(1). The exact size of the Class, and the identity of its members, are ascertainable from State Farm's business records.

104.   Under the provisions of Rule 23(a)(2), questions of law and fact common to the Class exist, namely:

a)   Whether State Farm has a business practice of failing to inform its insureds of the importance of UIM coverage and failing to advise its insureds of the risks associated with the complete absence of any UIM coverage.

b)   Whether State Farm has a duty to its existing insureds, such as Plaintiffs and those similarly situated, to explain and offer UIM

Complaint for Declaratory Relief Including          26
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

coverage and to inform Plaintiffs, and those similarly situated, of risks associated with the complete absence of any UIM coverage.

c) Whether State Farm breached its duty to existing insureds, such as Plaintiffs and those similarly situated, to explain and offer UIM coverage and to inform Plaintiffs, and those similarly situated, of risks associated with the complete absence UIM coverage;

d) Whether State Farm breached its duty to existing insureds, such as Plaintiffs, and those similarly situated, to explain and offer UIM coverage and to inform Plaintiffs, and those similarly situated, that the complete absence of UIM coverage results in exposure to uncompensated harms and damages to Plaintiffs and those similarly situated;

e) Whether a mandatory injunction should be issued to State Farm and its agents requiring them to explain and to offer UIM coverage to its insureds similarly situated to Plaintiffs, i.e., with no UIM coverage, because, like Plaintiffs, those similarly situated are unknowingly unprotected for compensable harm and damages;

f) Whether State Farm is guilty of deceiving its existing insureds, such as the Plaintiffs, and those similarly situated, by its failure to explain and offer UIM coverage and to inform Plaintiffs, and those similarly

Complaint for Declaratory Relief Including
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

27

situated, of the risks of failure to have any UIM coverage, or the

failure to explain the benefits and to offer UM coverage up to the

level of liability coverage;

g)     Whether State Farm is guilty of actual malice when it knowingly

failed to inform its existing insureds, such as the Plaintiffs and those

similarly situated, of the failure to have any UIM coverage, or failure

to explain the benefits and to offer UM coverage up to the level of

liability coverage while knowing that its conduct created a high

probability of injury to its insureds and acting indifferently to that risk

of harm;

h)     Whether Defendant State Farm and its agents had a professional

relationship with the Plaintiffs, and those similarly situated, that

required them to inform its existing insureds, such as the Plaintiffs,

and those similarly situated, by explaining and offering UIM coverage

and to inform Plaintiffs, and those similarly situated, of the risks of

failure to have any UIM coverage, or the failure to explain the

benefits and to offer UM coverage up to the level of liability

coverage;

i)     Whether State Farm is guilty of common law bad faith by its failure to

inform and explain and to offer to its existing insureds, such as the

Complaint for Declaratory Relief Including                    28
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

Plaintiffs, and those similarly situated, UIM coverage and to inform

Plaintiffs, and those similarly situated, of the risks of failure to have

any UIM coverage, or the failure to explain the benefits and to offer

UM coverage up to the level of liability coverage; and

j)      Whether as a matter in equity, State Farm should be required to

provide full explanations of UM and UIM coverage and offer UIM

coverage to its existing insureds, without UIM coverage, up to the

selected levels of liability coverage, and to inform Plaintiffs, and those

similarly situated, of the potential consequences and risks of the

failure to have any UIM coverage, or failure to have UM coverage up

to the level of liability coverage;

105.   Under the provisions of Rule 23(a)(3), the representative parties are

typical of the claims of the other Class Members.  Plaintiffs Lindsay,

Radovich, and Kiernan share the common factual circumstances that

all members of the proposed 23(b)(2) class share, which are Montana

residents, as follows:

a)      For whom State Farm provided one or more personal lines auto

insurance coverage;

b)      Who have UM coverage, but did not have UIM coverage; or

c)      For whom State Farm did not provide UM or UIM coverage in at least

Complaint for Declaratory Relief Including                29
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

the amount State Farm provided them with liability coverage;

d)      In which State Farm's files show, by the lack of any written waiver, that State Farm did not offer or explain UIM coverage to its auto personal lines insureds; and

e)      Who suffered legally compensable damages as a result of an at-fault driver's failure to have sufficient liability coverage to compensate State Farm's auto personal lines insureds.

106.    Under the provisions of Rule 23(a)(4), Plaintiffs will fairly and adequately protect the interests of the Class as Class Representatives.  They have retained counsel competent and experienced in complex class action and insurance claims litigation. Neither Plaintiffs, nor their counsel, have interests in conflict with the members of the Class.

107.    Under the provision of Rule 23(b)(2), Defendant State Farm has acted on grounds that are generally applicable to the class, thereby making appropriate injunctive or corresponding declaratory relief with respect to the Class as a whole.

108.    In the alternative, under the provisions of Rule 23(b)(3), questions of law or fact, common to the members of the Class, predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

109.    The four factors in determining superiority are as follows: (a) the

Complaint for Declaratory Relief Including                30
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

interest individual class members have in controlling their rights in separate actions; (b) the extent and nature of any litigation already commenced by members of the class; (c) the desirability of having the litigation concerning the controversy concentrated in one forum; and (d) the evaluation of the management difficulties likely to be encountered if the action continues as a class.

110.   The factual circumstances of the cause of action results in the conclusion that a class action is superior to alternatives for all class members. Class members determined to have viable UM or UIM claims will be able to determine their individual damages while benefitting from the results of the threshold determination as to whether State Farm and its agents breached the standard of care articulated by expert testimony by not explaining and offering UIM coverage resulting in no UIM coverage, or failing to explain and offer UM coverage up to the existing liability limits.

111.   The Plaintiffs that are potential class members of the class have interests that are totally compatible with all class members, i.e., proving a breach of the standard of care by State Farm and its Montana agents by not explaining and offering UM and/or UIM coverage. Certainly, the benefits of class members having class determinations in a single forum provides universal benefits for class members. A primary benefit accruing to class members upon successfully proving a breach of the standard of care will be notice to innumerable State Farm insureds

Complaint for Declaratory Relief Including                    31
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

who are or were in the same position as the Plaintiffs, i.e., unknowingly unprotected because of the absence of sufficient UM coverage, up to the existing liability limits, and/or UIM coverage in amounts less than liability limits or limited UM coverage because of the failure to explain stackability of coverage as a result of State Farm's one vehicle one policy practice.

112.    The management of the Class upon certification will be totally determined by the factual information in State Farm's records, which should be readily available through discovery.  For example, State Farm surely knows which Montana State Farm auto policies have no UIM coverage.  Further class action procedures will certainly benefit class members by providing presently non-existent UIM coverage to many State Farm insureds who, upon being fully informed, will elect to have UIM coverage or more UM coverage.

113.    Further, class action procedures will potentially provide State Farm insureds with significantly greater UM coverage once UM coverage and the premiums for the UM coverage and its portability/stackability is fully explained. The requirement of superiority will be determined to be satisfied as to the defined Rule 23(b)(3) classes.

## <u>COUNT EIGHT</u>
**Common Fund**

114.    Plaintiffs re-allege and incorporate by reference the previous

Complaint for Declaratory Relief Including                 32
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

paragraphs as fully set forth herein.

115.   As a result of the efforts of Plaintiffs, a common fund will be created whereby all members in the class will share in any common fund obtained in this matter and all such class members should bear a proportionate share of the litigation costs, including attorney's fees and costs incurred herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of those similarly situated, pray for relief as follows:

1.      As for Count One, entry of declaratory judgment for Plaintiffs, and all others similarly situated, that State Farm, as a company, operating through its officers, employees, and agents, has a duty to its existing insureds, such as Plaintiffs, and those similarly situated, to explain and offer UIM coverage and to inform Plaintiffs, and those similarly situated, of the absence of any UIM coverage

2.      As for Count Two, for judgment for Plaintiffs, and those similarly situated, that State Farm as a company, operating through its officers, employees, and agents, has breached the standard of reasonable care to the Plaintiffs, and those similarly situated: (a) by failure to inform their agents of the particular and extensive damages insured by UM and UIM coverage; (b) by failure to mandate that UM and UIM coverage should be offered at the same level as liability coverage; (c) by failure to require and conduct annual reviews, including

Complaint for Declaratory Relief Including                    33
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

explaining and offering UM and UIM coverage to those insureds who were

without the coverage or had coverage less than their policy liability limits on any

policy; (d) failure to promote UM and UIM coverage; and (e) by placing premiums

on UIM coverage at higher cost than the competition to reduce the potential of

their loyal insureds purchasing UIM  coverage and thereby limiting State Farm's

exposure to such claims.

3.     As for Count Two, for assessment of damages for the Plaintiffs, and

those similarly situated, against State Farm for its breaches of the standard of

reasonable care.

4.     As for Count Three, for judgment that State Farm as a company

operating through its officers, employees, and agents, has breached the standard of

professional care to the Plaintiffs, and those similarly situated, for which the

Plaintiffs, and those similarly situated, suffered damages.

5.     As for Count Three, for assessment of damages for the Plaintiffs, and

those similarly situated, from State Farm, as a company operating through its

officers, employees, and agents, for breaching the standard of professional care to

the Plaintiffs, and those similarly situated.

6.     As for Count Four, for judgment that State Farm as a company

operating through its officers, employees, and agents engaged in deceit.

7.     As for Count Four, for assessment of damages for the Plaintiffs, and

Complaint for Declaratory Relief Including            34
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

those similarly situated, against State Farm, as a company operating through its officers, employees, and agents for deceit.

8.      As for Count Five, for judgment that State Farm, as a company operating through its officers, employees, and agents engaged in bad faith for which Plaintiffs, and those similarly situated suffered damages.

9.      As for Count Five, for assessment of damages for the Plaintiffs, and those similarly situated, caused by State Farm, as a company operating through its officers,' employees,' and agents' bad faith.

10.     As for Count Six, for judgment that State Farm, as a company operating through its officers, employees, and agents, committed actual malice under the provisions of Mont. Code Ann. §27-1-221for which Plaintiffs, and those similarly situated suffered damages.

11.     As for Count Six, for assessment of punitive damages to deter, and to make an example of State Farm, as a company operating through its officers, and agents, for committing actual malice for which Plaintiffs, and those similarly situated, suffered damages.

12.     As for Count Seven, the Court manage the case as a class action under the provisions of Rule 23(b)(2), 23(b)(3), and 23(c)(4), naming the Plaintiffs as representatives of the class and to define the class as set forth herein.

13.     For the Court to require State Farm to explain and offer appropriate

Complaint for Declaratory Relief Including                    35
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial

UM and UIM coverage.

14.     For the Plaintiffs, and the class, to recover damages as a result of State

Farm's breach of the duties found herein

15.     As for Count Eight, for the Court to create a common fund so that all

members in the class will share in any common fund obtained in this matter and all

such class members should bear a proportionate share of the litigation costs,

including attorney's fees and costs incurred herein.

16.     For such attorney's fees and costs that are assessable by law against

State Farm.

17.     For the assessment of such interest as prescribed by law.

18.     For such other and further relief as to the Court seems just.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury of all issues of fact triable by jury.

DATED this ___ day of April 2019.

CHARLES S. LUCERO, P.C.              LAWRENCE A. ANDERSON
                                     Attorney at Law, P.C.

By: _/s/ *Charles S. Lucero*_
    Charles S. Lucero                By: __/s/ *Lawrence A. Anderson*__
                                         Lawrence A. Anderson

MILODRAGOVICH, DALE &
STEINBRENNER, P.C.

By: _/s/ *Lon J. Dale*_              *Attorneys for Plaintiffs and*
    Lon J. Dale                      *Those Similarly Situated*

Complaint for Declaratory Relief Including          36
Request for Class Certifications, Pursuant to
Rule 23 Fed.R.Civ.P., and Demand for Jury Trial