## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| DANNY PEDERSEN, as Personal Representative of the Estate of Robert L. Lindsay; BETTY L. RADOVICH; WANDA WOODWICK; and ROSALIE KIERNAN, as Personal Representative of the Estate of Rebecca Nicholson; individually and on behalf of those similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation,<br><br>        Defendant. | CV 19-29-GF-BMM-JTJ<br><br>**PROTECTIVE ORDER** |

State Farm Mutual Automobile Insurance Company (State Farm) possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but should not be made publicly available.

The Court therefore enters the following Protective Order to properly balance the discovery rights of Plaintiffs with State Farm's rights to protect its confidential, proprietary, and trade secret information.

Accordingly, IT IS HEREBY ORDERED:

1.      All production and disclosure of information designated as confidential, trade secret, or subject to Protective Order, by State Farm during this litigation shall be governed by this Protective Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

2.      State Farm may designate information subject to this Protective Order as confidential, trade secret, or subject to Protective Order by stamping it as confidential or trade secret pursuant to Case No. CV 19-29-GF-BMM-JTJ.  The stamp may be placed on the face of a single-page document, on the initial page of a multi-page document, and on the exterior of any tangible object.  Electronically stored information may be designated as confidential, trade secret, or subject to Protective Order in correspondence that describes the media.

Only counsel of record may designate a document as confidential, trade secret, or subject to Protective Order.  Counsel must make the designation in good faith and in compliance with the standards set forth in Federal Rule of Civil Procedure 26(g).

3.      State Farm must prepare and submit to Plaintiffs a Protective Order log for all documents it claims are covered by this Protective Order.  The Protective Order log must: 1) explain why each document that has been marked "confidential" or "trade secret" is, in fact, confidential; and 2) describe the specific harm or prejudice that will result if the document is not covered by the Protective Order. The Protective Order log must be accompanied by a supporting affidavit.

4.      State Farm may designate portions of deposition testimony as confidential, trade secret, or subject to Protective Order either on the record at the deposition, or by written notice to counsel for Plaintiffs no later that 35 days after receipt of the deposition transcript.  All testimony, regardless of whether designated as confidential, trade secret, or subject to Protective Order shall be treated as confidential, trade secret, or subject to Protective Order for 35 days following the receipt of the transcript of said deposition by all parties.  Certain depositions may, in their entirety, be designated confidential, trade secret, or subject to Protective Order prior to being taken because of the anticipated testimony.  Any document designated as confidential, trade secret, or subject to Protective Order shall maintain that designation when introduced or discussed during a deposition.

5.      The inadvertent or unintentional disclosure by State Farm of

-3-

information considered confidential, trade secret, or subject to Protective Order shall not be deemed a waiver in whole or in part of State Farm's claim of protection pursuant to this Protective Order.

The inadvertent or unintentional disclosure by State Farm of an attorney-client privileged document, attorney work product, or other protected document, shall not be deemed a waiver of the privilege, work product, or other protection by State Farm in this or any subsequent state or federal proceeding.  If any party becomes aware of the inadvertent or unintentional disclosure of protected information by State Farm, the party must provide written notice of such disclosure to State Farm within 3 days after the party becomes aware of the disclosure.

6.      When confidential or trade secret information is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 9 are present during such deposition, hearing, trial or proceeding.

7.      Information designated as confidential, trade secret, or subject to Protective Order shall not be disclosed to any person other than those persons described in Paragraph 9 below.  Counsel shall maintain a list of all persons to

whom such information has been provided.  Such list shall be available for inspection by counsel for State Farm upon order of the Court.

8.     Information designated as confidential, trade secret, or subject to Protective Order shall only be used in the preparation for trial and/or any appeal of this action unless otherwise agreed to by State Farm.  Information designated as confidential, trade secret, or subject to Protective Order may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit.

9.     Information designated as confidential, trade secret, or subject to Protective Order by State Farm shall be disclosed only to the following persons:

(a)     attorneys actively working on or supervising the work in this case;

(b)     persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case.

(c)     the parties, including designated representatives;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary to prepare for trial or other proceedings in this case, provided the expert or

consultant has signed the written acknowledgment attached as
Exhibit A;

(e)   the Court and its employees;

(f)   stenographic and video reporters who are engaged in proceedings
incident to this action;

(g)   deponents, witnesses, or potential witnesses, who have signed the
written acknowledgment attached as Exhibit A;

(h)   government agencies, as permitted or required by applicable state and
federal law;

(i)   the jury involved in this lawsuit;

(j)   persons authorized by law; and

(k)   persons authorized by agreement of the parties who have signed the
written acknowledgment attached as Exhibit A.

10.   The recipient of any information designated as confidential, trade
secret, or subject to Protective Order pursuant to this Protective Order shall
maintain the information in a secure and safe area and shall exercise due and proper
care with respect to the storage, custody and use of all such information.

11.    Nothing in this Protective order prevents State Farm from maintaining or using information and documents designated as confidential, trade secret, or subject to Protective Order in its normal business practice.   Nothing in this Protective Order prevents State Farm from reporting information designated as confidential, trade secret, or subject to Protective Order when required to do so by applicable state or federal law.

12.    Plaintiffs may, at any time during the pendency of this lawsuit, request that State Farm release certain information designated as confidential, trade secret, or subject to Protective Order from the requirements of this Protective Order. Upon receipt of such request, counsel for State Farm and counsel for Plaintiff shall attempt to meet and confer.  If the parties are unable to agree as to whether the information at issue is properly designated as confidential, trade secret, or subject to Protective Order, any party may raise the issue of such designation with the Court.  Any information submitted to the Court for review shall be submitted under seal for in camera review.

Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena.  However, the party responding to the subpoena must provide written notice of the subpoena to the attorney of the party that originally produced the documents within 3 days of receipt of the subpoena.  Production or

disclosure of information which is designated confidential, trade secret, or subject to Protective Order may not occur prior to the deadline set forth in the subpoena, absent agreement of the parties.

13.    Nothing in this Protective Order shall prevent or restrict counsel for State Farm from inspecting, reviewing, using, or disclosing the information designated as confidential, trade secret, or subject to Protective Order.

14.    Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court.   However, any party wishing to submit a document or information to the Court that has been designated as confidential, trade secret, of subject to Protective Order must submit the document or information under seal in compliance with L.R. 5.1.

15.    The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel.  The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

16.    Within 35 days of the final determination of this action, each person or party who received information designated confidential, trade secret, or subject to Protective Order must either return the same (including any copies) to State Farm, or destroy such information and certify that it has been destroyed.  However, the

recipient need not destroy or return transcripts of depositions and materials filed with the Court.

Plaintiffs may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to information designated as confidential, trade secret, or subject to Protective Order, provided Plaintiffs comply with the terms of the Protective Order.

Within 7 days of the final determination of this action, counsel of record who have provided information designated confidential, trade secret, or subject to Protective Order to other individuals must inform those individuals that the matter has reached final determination, and remind them of their obligation to either return or destroy the documents.

17.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

18.    Noting in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated

confidential, trade secret, or subject to Protective Order shall be treated at trial.

DATED this <u>8th</u> day of April, 2021.

<br>

John Johnston
United States Magistrate Judge

**EXHIBIT A**

<u>ACKNOWLEDGMENT AND AFFIDAVIT OF COMPLIANCE</u>

I hereby acknowledge that I have been given a copy of the Protective Order issued on April ___, 2021, by the United States District Court for the District of Montana in the case entitled *Pedersen, et al. v. State Farm Mutual Automobile Insurance Company*, Cause No. CV 19-29-GF-BMM-JTJ.

I have read the Protective Order, and I agree to be bound by it. I further understand and agree that I shall not disclose confidential information to others, except in accordance with the Protective Order. I further understand and agree that my obligation to honor the confidentiality of the confidential information will continue even after the termination of this litigation. I further understand and agree that, in the event that I violate the terms of the Protective Order, I will be subject to sanctions, including but not limited to sanctions by way of contempt of court. I further understand and agree to submit myself to the personal jurisdiction of this Court.

DATED this _____ day of _____ 202_.


By: _____

STATE OF _____

COUNTY OF _____


On this _____ day of _____, 20___, before me, a Notary Public in and for said state, personally appeared _____, to me personally known, who being by me first duly sworn, acknowledged that he/she executed the foregoing instrument.

(Seal)


_____
Notary Public

My commission expires: