IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DANNY PEDERSEN, as Personal Representative of the Estate of Robert L. Lindsay; BETTY L. RADOVICH; WANDA WOODWICK; and ROSALIE KIERNAN, as Personal Representative of the Estate of Rebecca Nicholson; individually and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation,<br><br>Defendants. | CV 19-29-GF-BMM-JTJ<br><br>ORDER |

Plaintiffs object to Magistrate Judge John Johnston's Non-dispositive Order on Plaintiffs' Motion for Judicial Notice (Doc. 121) and Non-dispositive Order on Plaintiffs' Motion to Unseal Documents. (Doc. 134.). (Docs. 160 & 162.) Plaintiffs also request leave to file a motion to reconsider the Court's orders concluding that Plaintiffs must establish a special relationship. (Doc. 168.) The Court denies the Plaintiffs' objections and denies the Plaintiffs' request for leave to file a motion to reconsider for the reasons discussed below.

## I. Objections to Judge Johnston's Non-dispositive Orders (Docs. 160 & 162.)

Plaintiffs object to Judge Johnston's Non-dispositive Order on Plaintiffs' Motion for Judicial Notice (Doc. 121) and Non-dispositive Order on Plaintiffs' Motion to Unseal Documents. (Doc. 134.) The Court has reviewed Judge Johnston's Non-dispositive Orders (Doc. 157) and the related hearing transcript. (Doc. 161.) The Court reviews objections to non-dispositive pre-trial orders for clear error. 28 U.S.C. 636(b)(1)(A). Judge Johnston determined that judicial notice of State Farm's website was not proper as the website did not prove to be an adjudicative fact. (Doc. 161 at 34-35.) Judge Johnston also determined that Plaintiffs' request to unseal documents was premature, but that Plaintiffs could renew their motion to unseal documents when filing for summary judgment. (*Id.* at 57) The Court finds no error in Judge Johnston's Non-dispositive orders and thus denies Plaintiffs' objections.

## II. Motion for Leave to File a Motion for Reconsideration (Doc. 168.)

Plaintiffs seek leave to reconsider the Court's Order Adopting Magistrate Johnston's Findings and Recommendations. (Doc. 69) This Court requires parties to request leave to file a motion to reconsider. Local Rule 7.3(a). For the Court to grant a motion for leave to file a motion for reconsideration Plaintiffs must demonstrate the following:

> (1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry

>of the order for which reconsideration is sought, and (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or
>
>(2) new material facts emerged or a change of law occurred after entry of the order.

Local Rule 7.3(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party before entry of the order." Local Rule 7.3(c).

Plaintiffs argue that the Court determined incorrectly that a special relationship must exist between the Plaintiffs and their insurance agent. (Doc. 168.) Plaintiffs argue that Section 299A of the Restatement of Torts Second (1965) provides the correct standard of conduct for Montana insurance agents. Section 299A requires a professional standard of care. Plaintiffs raised this same argument in their motion to modify to Judge Johnston's Findings and Recommendations regarding State Farm's Motion to Dismiss. (Doc. 56; *see also* Docs. 28 at 9-15, 60 at 33-39)

Just as Plaintiffs argue in this motion for leave to reconsider, Plaintiffs previously have argued that Judge Johnston incorrectly applied the Montana Supreme Court's reasoning in *Fillinger v. Northwestern Agency, Inc. of Great Falls*, 938 P.2d 1347 (Mont. 1997) and *Monroe v. Cogswell Agency*, 234 P.3d 79 (Mont. 2010). (Doc. 56 at 3.) The Montana Supreme Court in *Monroe* recognized that an

insurance agent owes a duty to obtain insurance coverage "which an insured directs that agent to procure." *Monroe*, 234 P.3d. at 86; *see also Gunderson v. Liberty Mutual Ins.*, 468 P.3d. 367, *6 (Mont. 2020). This Court determined that Judge Johnston correctly applied those cases. (Doc. 69 at 4-5, 11-12.)

Plaintiffs argue that the Court must further consider *Moss v. State Farm Mut. Auto. Ins. Co.,* CV 99-124-GF-DWM, 10 (D. Mont. March 21, 2001) and *Dulaney v. State Farm Fire and Cas. Ins. Co.*, 324 P.3d 1211 (Mont. 2014). (Doc. 168 at 6, 9-10.) This Court previously considered both cases in depth. (Doc. 69 at 13-14, 16.) The Court in *Moss* denied competing motions for summary judgment based on the existence of disputed issues of material fact as to whether an insurance company has a legal duty to advise an insured of the availability of underinsured motorist coverage. *Moss*, at 2. The Court declined to relieve the insurer from the duty to exercise reasonable care by advising the client of the availability of underinsured motorist coverage in the absence of a statutory requirement. *Id.* at 9. The Court also declined, however, to extend the insurer's exercise of its duty of reasonable care to include a duty to offer underinsured motorist coverage. *Id.*

Plaintiffs point to no relevant facts or applicable law that have changed since Judge Johnston and this Court determined that an insurance agent owes an insured a duty of ordinary care under Montana common law and thus Plaintiffs must

demonstrate a special relationship. (Doc. 69 at 16-17.) The Court thus must deny Plaintiffs' motion for leave for reconsideration.

For the reasons set forth above, it is hereby **ORDERED** that:

1. Plaintiffs' objections to Judge Johnston's non-dispositive orders (Docs. 160 & 162.) are **OVERRULED**; and

2. Plaintiffs Motion for Leave to Reconsider (Doc. 168) is **DENIED**.

DATED this 7th day of December, 2021.

_____
Brian Morris, Chief District Judge
United States District Court